**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOEL CARTER,

    Plaintiff,

v.                                  CASE NO. 3:02-cv-1154-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

**O R D E R**

This case is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. #32, Petition). Plaintiff's Petition was filed October 22, 2008 (Doc #32). Plaintiff requests an award of $3,511.35 in attorney fees sought by Plaintiff's counsel and $41.37 in costs payable out of the judgment fund (Doc. #32 at 1). Plaintiff avers that, pursuant to Local Rule 3.01(g), Defendant's counsel was contacted and has no objection to the amount sought by Plaintiff's counsel as set forth in the Petition (Doc. #32 at 2). No opposition has otherwise been filed.

Based upon the petition and information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue is substituted as Defendant herein.

Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust.  *See* 28 U.S.C. § 2412(D); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

      2.     The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(D)(2)(A).  In addition, the awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

      It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such an increase is not absolutely required.  *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(D)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $166.50 per hour for services provided in 2007. Counsel further argues that the statutory cap of $125.00 should be raised to $173.50 per hour for services provided in 2008. The Court has determined that a hourly rate of $166.50 per hour for 2007 and $173.50 per hour for 2008 is reasonable when factoring in the Consumer Price Index as a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[2]

3. The cost of filing fees is expressly provided in 28 U.S.C. § 2412(a)(1), (c)(1) and the Court will award reimbursement of that cost.

4. The Court thus finds $3,511.35 (($166.50 x 16.4 hours) + ($173.50 x 4.5 hours)) is a reasonable fee in this case.

5. The Court further finds that $41.37 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a)(1), (c)(1).

6. The Court notes that Plaintiff's counsel requests the attorney's fees and costs be awarded directly to Plaintiff's counsel (Doc. #33 at 7). Under Eleventh Circuit Court of Appeals case law, however, the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of its litigation expenses. *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988). In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA. *See also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008).

---

[2]The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frb.fed.us/research/data/us/calc/ (last visited Nov. 17, 2008).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Uncontested Petition for Attorney Fees (Doc. #32) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,511.35 for attorney fees and $41.37 for costs.

3. The request that the Court direct the payment of the fees be made to J. Nickolas Alexander, Jr., Esquire is **DENIED**.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of December, 2008.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

---

[3] Plaintiff did not submit evidence of any assignment of his EAJA fee award to his counsel.